# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Commonwealth of Virginia

v.

Ethel Mae Cunningham

September 14, 1999

Case No. 98-388

BY JUDGE EDWARD L. HOGSHIRE

The Defendant, facing a charge of murder, has moved to suppress certain statements made by her to the police. For the reasons stated below, the motion is denied.

The first statement in question occurred at the scene of the incident. When police arrived, they found the Defendant alone in the bedroom of her house with the victim, either dead or near death, lying beside her on the bed. Several policemen entered the house with weapons drawn in response to an Emergency 911 call from a female, who may have identified herself as the person who shot the victim. One of the officers, upon entering the room, immediately asked about the location of the weapon and the identity of the assailant. At that time, the Defendant responded, "I shot him." Defendant had not been advised of her *Miranda* rights prior to her statement. The Commonwealth concedes that after this statement, Defendant was taken into custody and was therefore entitled to advisement of her *Miranda* rights before any statements made by her could be used as evidence. However, the Commonwealth maintains that Defendant was not in police custody at the scene until after she identified herself as the person who shot the victim; consequently, argues the Commonwealth, because the Defendant made the statement freely and voluntarily, it may be introduced as evidence.

There is no dispute that "*Miranda* applies only to 'custodial interrogation,' which means 'questioning initiated by law enforcement officers

after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way'." *Pruett v. Commonwealth*, 232 Va. 266, 271, 351 S.E.2d 1 (1986), citing *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). "General on-the-scene questioning as to facts surrounding a crime or other general questioning of citizens in the fact-finding process" does not require a reading of *Miranda* rights. 384 U.S. at 477.

At the time of Defendant's initial statement in the bedroom of her home, the police had just arrived. In order to secure the scene and find out what had happened, the police asked the fundamental questions to the only conscious person in the house, the Defendant. The investigation had not focused on the Defendant before the question was asked, nor had the Defendant's movements been restrained. "The questions were of a fact-finding nature and were asked for the purpose of determining whether a crime had been committed and, if so, by whom." *Jordan v. Commonwealth*, 216 Va. 768, 772, 222 S.E.2d 573 (1976). Consequently, the statement given by the Defendant at the scene was not done in a custodial setting and is not barred due to violations of *Miranda's* precepts.

The second group of challenged statements involves videotape-recorded questioning conducted by the police at the police station, which has been reviewed in its entirely by the Court. At the start of the interview, the questioning officer stated, "I want you to tell me about the shooting." Defendant immediately stated, "I did it!" At this point, the officer explained the Defendant's rights to her. Having reviewed the tapes of the interview, I find that the officer's opening statement was not equivalent to a question, and because there was no question, Defendant's admission was voluntarily given. Defendant gave her statement before the officer even had the opportunity to ask a question. The officer never had the opportunity to give Defendant a *Miranda* warning. Immediately following Defendant's statement, the officer explained the Defendant's rights to her. Clearly, the officer did not intend his first statement to be a question, but, rather, as an introduction and rationale for his interrogation. Thus, Defendant's admission was voluntarily given.

Although the rest of the interview occurred after an extensive explanation of Defendant's rights, Defendant claims she never really understood her rights. Defendant has a low I.Q. and significant cognitive impairments and maintains that this prevented her from making an informed waiver of her right to counsel and her privilege against self-incrimination.

Mental retardation alone is not sufficient to show that a defendant lacks the mental ability to understand her rights and to intelligently and voluntarily waive those rights. See *Goodwin v. Commonwealth*, 3 Va. App. 249, 349 S.E.2d 161 (1986). The videotape shows that the questioning officers

explained Defendant's rights to her several times throughout the interview. Although suffering from certain cognitive deficits which may have affected her ability to recall and recite accurately the events in question, the Defendant sufficiently understood the nature of her rights and the consequences of waiving them; thus, I find that she made a voluntary and intelligent waiver of those rights.

Furthermore, the confession was voluntarily given. There was no evidence that Defendant was coerced or threatened into making the confession. On the contrary, the officers treated Defendant with respect and courtesy. Deference was made to Defendant's health problems, including her need for timely administration of medication and for proper nutritional support. The videotape establishes that the confession was freely given under non-coercive conditions.

For the reasons stated above, the Court finds that all the statements made by Defendant are admissible. Consequently, the motion to suppress is denied.